# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00078-GCM

| | |
|---|---|
| CHRISTINA CHISHOLM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TAUHEED EPPS, a/k/a 2CHAINZ, a/k/a ) | |
| TRU RECORDS CEO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss (Doc. No. 5) and Plaintiff's Motion to Amend Complaint (Doc. No. 10). Defendant filed a Motion to Dismiss on March 4, 2016, alleging that *res judicata* bars Plaintiff's suit and that Plaintiff's Complaint fails to state a claim for which relief could be granted. (Doc. No. 5). Plaintiff filed a Motion to Amend Complaint on April 11, 2016, claiming Federal Rule of Civil Procedure 15(a) permits her to amend the Complaint and remedy its deficiencies. (Doc. No. 10). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion to Amend Complaint is **DENIED**.

## I. FACTUAL BACKGROUND

On March 20, 2014, Plaintiff attended a concert in which Defendant, a rap music artist, performed. (3:15-cv-291, Doc. No. 1-1 at 2 ¶ 8). Plaintiff was invited backstage after the concert, and a video of Plaintiff was recorded in which Defendant referred to Plaintiff as a "THOT" ("THOT video"). (*Id*. at 2 ¶¶ 9-11). THOT is an acronym meaning "That Hoe Over There." (*Id*. at 2 ¶ 11). Defendant then allegedly posted the video on various forms of social media, where it has been viewed millions of times. (*Id*. at 2 ¶¶ 13-14). As a result, Plaintiff filed a *pro se* complaint

against Defendant in state court on March 16, 2015 alleging claims for defamation, infliction of emotional distress, and unfair and deceptive trade practices. The case was removed to this Court on July 7, 2015. (3:15-cv-291). In that suit, Plaintiff filed an Amended Complaint on August 12, 2015, in which she added that she was "jumped and threatened by a few [of Defendant's] fans." (3:15-cv-291, Doc. No. 14 at 4 ¶ 26).

Plaintiff filed a Second Amended Complaint on September 11, 2015. In the Second Amended Complaint, Plaintiff described additional instances of harassment. (3:15-cv-291, Doc. No. 23-1). Plaintiff alleged that she was threatened or "physically assaulted by someone claiming to have ties to [Defendant]" (*id*. at 4 ¶¶ 19, 27), that her car was scratched at her residence (*id*. at 6 ¶ 35), and that Defendant had written a new song which referenced and threatened her (*id*. at 7 ¶¶ 45-46). Plaintiff also filed multiple miscellaneous documents, including one captioned Submission of Evidence, filed on November 9, 2015, which specifically referenced Defendant's song "Watch Out." (3:15-cv-291, Doc. No. 31 at 2). Plaintiff alleged in the Submission of Evidence that she had been hit by a car that she believed belonged to Defendant. (*Id*. at 1). On November 20, 2015, this Court dismissed Plaintiff's suit on both procedural and substantive grounds. The Court also denied Plaintiff's Motion for leave to file her Amended Complaints after finding that amendment would be futile (3:15-cv-291, Doc. No. 32).

Plaintiff initiated this lawsuit *pro se* on December 9, 2015 in state court, and Defendant removed the suit on February 19, 2016. (Doc. No. 2). In her *pro se* Complaint, Plaintiff alleged four claims, which she based on criminal statutes: communicating threats, extortion, committing misdemeanors because of prejudice, and ethnic intimidation. (Doc. No. 1-1 at 3). Plaintiff again contended that Defendant's song "Watch Out" defamed and threatened her based on the THOT video and that she faced constant ridicule as a result. (*Id*. at 3-4 ¶¶ 8-11). Plaintiff also alleged she

had been hit by a car that she believed belonged to Defendant and that she was "jumped by someone who was sent by 2chainz." (*Id.* at 4 ¶ 14). Defendant filed a Motion to Dismiss on March 4, 2016, contending that Plaintiff's Complaint failed to state a private right of action and that Plaintiff's claims were barred under *res judicata* because they had been previously decided by the Court. (Doc. No. 5).

Plaintiff retained an attorney on March 17, 2016. (Doc. No. 7). Plaintiff then filed a Motion for Leave to Amend Complaint on April 11, 2016, which proposed changing Plaintiff's claims for relief to include: defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, and unfair and deceptive trade practices. (Doc. No. 10-1). Plaintiff also filed a Memorandum in Support, in which she argued that the proposed amended complaint includes claims that were not decided in the previous suit. (Doc. No. 10-2). Defendant filed a Reply, asserting that because Plaintiff either alleged, or could have alleged, all of the current claims in the previous suit, the instant action is barred by *res judicata*. (Doc. No. 12).

## II. LEGAL STANDARD

When faced with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these factual allegations, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks and citation omitted). However, the

court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. DISCUSSION

#### A. Motion to Dismiss

Under the doctrine of *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). Whether *res judicata* precludes a subsequent action "turns on the existence of three factors: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *U.S. ex. rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 912 (4th Cir. 2013), *cert. denied*, 135 S. Ct. 2376 (2015), (quoting *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013)). In this case, Plaintiff concedes the first element because the court entered a final judgment on the merits in the previous suit. (Doc. No. 11). Plaintiff also concedes the third element because the identities of the parties in the present case are the same as in the previous case. (*Id.*) However, Plaintiff argues that Defendant has not established identity between the two causes of action. (*Id.*)

Whether two cases arise out of the same cause of action is not determined by whether the claims asserted in the two cases are identical. *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2003). Instead, the second element of the *res judicata* test is met if the latter suit "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Clodfelter*, 720 F.3d at 210. Further, if the latter case arises from the same cause of action as the previous case, "then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enter., Inc.*,

81 F.3d 1310, 1315 (4th Cir. 1996). Thus, *res judicata* will bar a newly articulated claim if the claim is based on the same transaction as the previously resolved suit and could have been brought in the earlier action. *Clodfelter*, 720 F.3d at 210.

The Court finds that Plaintiff's present claims are precluded by the judgment of Plaintiff's previous suit. To begin with, the claims in each case arise out of the same transaction. Both cases assert claims that arise from Defendant's THOT video and the alleged "constant public ridicule, physical attacks, and attempts at intimidation" against Plaintiff that resulted. (Doc. No. 10-1 at 5 ¶ 26). Plaintiff referenced the release of Defendant's song in the previous suit as evidence of harm resulting from the THOT video (3:15-cv-291, Doc. No. 23-1 ¶¶ 45-47), and therefore established that the song is part of the "same transaction or series of transactions," *Clodfelter*, 720 F.3d at 210, as the THOT video. Plaintiff asserts that her current allegations arise out of different facts and circumstances than the THOT video allegations in the first suit because the current allegations arise solely from Defendant releasing the song "Watch Out" in July of 2015. (Doc. No. 11 at 7). Specifically, she claims that Defendant's associates or fans vandalized cars at her mother's home, brandished a firearm at her, and hit her with a car. However, as Plaintiff asserted during the prior suit, Defendant's mention of her in his song was a direct consequence of the THOT video and the media attention it attracted. Because the THOT video and "Watch Out" are part of the same transaction, the Court disagrees with Plaintiff's assertion that these injuries can be separated out and attributed to the song alone. As a result, Plaintiff's current allegations arise from the same series of transactions as the previously adjudicated claims and could have been presented in the prior lawsuit.

Although it would be sufficient to find that the claims could have been brought in a prior lawsuit, the Court also finds that Plaintiff's claims were in fact adjudicated during her original case

5

against Defendant. In the first lawsuit, Plaintiff's proposed Second Amended Complaint included allegations that Defendant had written threatening songs about her. (3:15-cv-291, Doc. No. 23-1 ¶¶ 45-46) ("The defendant has had his artist and peers write numerous songs about Ms. Chisholm . . . . The defendant also threatens the plaintiff with his new song which has been released.").[1] The Court considered these allegations, but denied Plaintiff's Motion for Leave to Amend Complaint as futile before dismissing the suit on both procedural and substantive grounds. (3:15-cv-291, Doc. No. 32). Because the Court previously reviewed the alleged threats in Defendant's song but still dismissed Plaintiff's claims as futile, these claims have already been decided on the merits, so Plaintiff is barred under *res judicata* from raising them again.

Finally, the Court notes that even though some of Plaintiff's specific factual allegations were not included in the previously dismissed proposed Amended Complaints, Plaintiff is barred from bringing the instant claims because they could have been raised in the previous suit. "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been* raised in that action." *Allen v. Curry*, 449 U.S. 90, 94 (1980) (emphasis added); *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210-11 (4th Cir. 2009) ("Even claims that were not raised in the original suit may be precluded if they arose from the same transaction or occurrence as those raised in the first suit and were available to the plaintiff at the time of the first suit.").

Plaintiff argues that the current allegations could not have been raised in the previous suit because they "occurred more than one year apart" from the original Complaint. (3:16-cv-78, Doc. No. 11 at 6). However, Plaintiff filed multiple miscellaneous documents during the first lawsuit

---

[1] Many of the injuries that Plaintiff now contends are uniquely the result of "Watch Out," such as her car being scratched at her residence or being physically assaulted (Doc. No. 11 at 6-7), were also previously alleged in the Second Amended Complaint (3:15-cv-291, Doc. No. 23-1 ¶¶ 19, 35), and thus were decided on the merits by the Court's prior ruling.

that referenced the current allegations. For example, in a filing captioned "Submission of Evidence," Plaintiff alleged that Defendant threatened her in the specific song "Watch Out," and that a car thought to belong to Defendant ran over Plaintiff and injured her. (3:16-cv-78, Doc. No. 31). Although the Submission of Evidence cannot be considered part of Plaintiff's Complaint or Amended Complaint, the inclusion of these allegations reveals they existed at the time of Plaintiff's previous suit and that they could have been included in that suit. Because *res judicata* precludes claims that could have been presented in a previous suit, *res judicata* bars Plaintiff from bringing these claims in the present case.

Plaintiff contends, nevertheless, that it would be unjust to apply the doctrine of *res judicata* in her case. Plaintiff states that her case presents "a special circumstance to which *res judicata* should not apply" because she proceeded *pro se* in the previous suit and was unable to properly articulate her injuries. (Doc. No. 11 at 8). However, there is no automatic *pro se* exception to the doctrine of *res judicata*. *Richardson v. Church of God Intern.*, No. 1:13-21821, 2014 WL 4202619, at *5 (S.D. W. Va. Aug. 22, 2014). "Although it does seem proper to accord some leniency to *pro se* plaintiffs with respect to *res judicata*, this Court cannot carve out a categorical *pro se* exception to the well-established rule of claim preclusion." *Id.* In Plaintiff's previous suit, this Court considered Plaintiff's original Complaint and two proposed Amended Complaints but found that her factual allegations did not support any of the asserted claims. (3:15-cv-291, Doc. No. 32). Plaintiff now attempts to bring her fifth version of a Complaint against Defendant based on the same series of transactions. (Doc. No. 10-1). While some leniency can be afforded to Plaintiff because the first suit was filed *pro se*, Plaintiff's previous *pro se* status is not sufficient to overcome the precluding effect of the Court's judgment on her three previous Complaints.

B. **Motion to Amend Complaint**

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course within twenty-one days of service. Fed. R. Civ. P. 15(a)(1)(A). After twenty-one days have expired, a party may only amend a pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15 states that the Court should "freely give leave when justice so requires." *Id*. However, leave to amend a complaint may be denied when permitting the plaintiff to amend her complaint would be futile. *See Burns v. AAF-McQuay, Inc.*, 166 F.3d 292, 295 (4th Cir. 1997). An amendment to add claims that would be barred under *res judicata* is futile and can be denied. *See Field Auto City, Inc. v. General Motors Corp.*, 476 F. Supp. 2d 545, 559-60 (E.D. Va. 2007).

Plaintiff failed to allege a private right of action in the Complaint because the claims for relief provided are based on criminal statutes. (Doc. No. 1-1). Plaintiff's proposed Amended Complaint would remedy this issue because it replaces the criminal claims with civil claims. (Doc. No. 10-1). However, the allegations included in Plaintiff's Complaint and Amended Complaint were dismissed by this Court on procedural and substantive grounds during Plaintiff's previous suit. Plaintiff is thus precluded under the doctrine of *res judicata* from alleging these claims again. Therefore, even if allowing Plaintiff's proposed Amended Complaint would cure some of the Complaint's deficiencies by alleging private causes of action, the amendment would ultimately be futile because the proposed claims are barred under *res judicata*.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion to Amend Complaint is **DENIED**.

**SO ORDERED.**

Signed: June 21, 2016

*[signature]*

Graham C. Mullen
United States District Judge